IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BEVERLY J. FALKNER,

        Plaintiff,

vs.                          No. 11-2982-STA-cgc

UNITED STATES OF AMERICA,

        Defendant.

---

ORDER CORRECTING THE DOCKET
ORDER ON PENDING MOTIONS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

On November 3, 2011, Plaintiff Beverly J. Falkner a/k/a
Beverly J. Richmond, a resident of Memphis, Tennessee, filed a *pro
se* civil complaint, titled Violation of Federal Healthcare Laws and
Regulations, accompanied by a motion seeking leave to proceed *in
forma pauperis*. (ECF Nos. 1 & 2.)[1] On November 3, 2011, the Court
granted leave to proceed *in forma pauperis*. (ECF No. 3.) The Court
construes Plaintiff's complaint, which seeks relief for inadequate
treatment at the Veterans Administration Medical Center in Memphis,
Tennessee ("VAMC"), as arising under the Federal Tort Claims Act

---

[1] Some of the documents filed by Plaintiff use her former name. The
Clerk is directed to correct the docket to reflect Plaintiff's alias.

("FTCA"), 28 U.S.C. §§ 2671 *et seq.* The Clerk shall record the defendant as the United States of America.[2]

Since the commencement of this action, Plaintiff has filed numerous documents and motions. On November 30, 2011, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 4.)[3] Plaintiff filed additional documents pertaining to her motion on December 2, 2011; December 5, 2011; and December 6, 2011. (ECF Nos. 5, 6 & 7.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); *see also* Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "'a privilege that is justified only by

---

[2]      The Complaint lists the VAMC, which was sued as the "VA Medical Center Memphis, and its owners," as the sole defendant. The United States is the proper defendant in a suit under the FTCA. 28 U.S.C. §§ 1346(a)(2) & (b)(1), 2679(a) & (b)(1); Chomic v. United States, 377 F.3d 607, 608 (6th Cir. 2004). The Clerk is directed to terminate the VAMC as a party to this suit.

[3]      Although that document had the legal caption for the instant case, the substance of the motion pertained to one or more of Plaintiff's other cases, including Falkner v. Law Office of Darrell J. O'Neal, No. 11-2881-JPM-cgc (W.D. Tenn.).

exceptional circumstances.'" <u>Lavado</u>, 992 F.2d at 606 (quoting <u>Wahl</u> <u>v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985)).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." <u>Archie v.</u> <u>Christian</u>, 812 F.2d 250, 253 (5th Cir. 1987); <u>see also</u> <u>Poindexter v. FBI</u>, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." <u>Cookish v. Cunningham</u>, 787 F.2d 1, 3 (1st Cir. 1986).

*Id.* at 606.[4] Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when her chances of success are extremely slim. *Id.* (citing <u>Mars v. Hanberry</u>, 752 F.2d 254, 256 (6th Cir. 1985)); *see also* <u>Cleary v. Mukasey</u>, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[5]

Plaintiff has not satisfied her burden of demonstrating that appointment of counsel would be appropriate in this case. Nothing in Plaintiff's motion distinguishes this case from numerous other cases filed by *pro se* litigants. The motion for appointment of counsel is DENIED.

On December 29, 2011, Plaintiff filed a document purporting to name three friends or family members as her legal guardians with power of attorney. (ECF No. 11.) That document is of no legal force or effect. A party in federal court must proceed either through licensed counsel or on her own behalf. *See* 28 U.S.C.

---

[4]     A plaintiff is not entitled to an evidentiary hearing on the issue. <u>Sutton v. Small Bus. Admin.</u>, 92 F. App'x 112, 116 (6th Cir. 2003).

[5]     These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard v. United States Dist. Ct.</u>, 490 U.S. 296, 310 (1989).

§ 1654. A *pro se* litigant can only represent her own interests,[6] and can only sign pleadings on her own behalf.[7] A power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person.[8] Plaintiff must proceed either *pro se* or through licensed counsel.

On January 3, 2012, Plaintiff filed a Motion for Judgment in Favor of Plaintiff's Complaint for Continued Violation of Federal Healthcare Laws and Regulations (ECF No. 12), which, despite the title, appears to seek leave to amend. Because the case has not been screened under 28 U.S.C. § 1915(e)(2)(B), Plaintiff is entitled to amend her complaint as a matter of right. The Court

---

[6] Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003).

[7] Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) ("The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction."); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotation marks and alteration omitted); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted).

[8] Johns, 114 F.3d at 676 (affirming dismissal of complaint with prejudice that was filed pursuant to a general power of attorney); J.M. Huber Corp. v. Roberts, No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989) (notice of appeal signed by a nonlawyer pursuant to a power of attorney ineffective to give rise to appellate jurisdiction); Walsh v. Internal Revenue Serv., No. 1:08-CV-1132 (W.D. Mich. Oct. 12, 2009) (report and recommendation), *adopted*, 2009 WL 4261212 (W.D. Mich. Nov. 24, 2009).

GRANTS leave to amend. The operative pleading in this matter is the original Complaint, as amended by ECF Number 12.[9]

On January 10, 2012, Plaintiff filed a stack of documents, including documents received from the Department of Veterans Affairs ("VA") and Plaintiff's handwritten statements. (ECF No. 16.) The documents from the VA do not appear to pertain to any claim asserted in Plaintiff's complaint. On January 13, 2012, Plaintiff submitted additional documents, including another handwritten statement. (ECF No. 15.) Additional documents were filed on January 17, 2012 and January 19, 2012. (ECF Nos. 17 & 18.) Because Plaintiff did not seek leave to amend, and did not submit an amended complaint, these documents will be disregarded.[10]

On January 23, 2012, Plaintiff filed a motion, titled "Motion for Miscellaneous Relief," that refers to documents filed in another of Plaintiff's cases;[11] asks that the defendants in six of her cases, including the instant case, pay settlements; refers, without elaboration, to, "ALL of defendants surveillance evidence"; asks that all documents presented by Plaintiff be scanned by the

---

[9]     To the extent Plaintiff seeks a default judgment, her motion is without merit. Service on a defendant in federal court requires a summons. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). The Clerk does not issue summonses where a plaintiff is proceeding *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B) and the Court orders service. *See* LR 4.1(b). Because no summonses have issued in this case, Defendant has no obligation to respond to the Complaint. Plaintiff's motion for judgment is DENIED.

[10]     On June 11, 2012, Plaintiff submitted a stack of documents, including her handwritten notes, most of which appear to have no bearing on the instant suit. (ECF No. 30.)

[11]     Plaintiff is referring to <u>Falkner v. Southern Transportation, Inc.</u>, No. 11-2778-JDT-cgc (W. Tenn.), which was dismissed on January 24, 2012.

Clerk; and demands that any further delay in the issuance of a scheduling order be disallowed. (ECF No. 19 at 1.) The motion does not establish that the Clerk has failed to scan any documents presented by Plaintiff for this case. The Court will not address the conduct of any case other than this one. The case has not settled, so there is no judgment to enforce.[12] Because this case will be dismissed for the reasons stated *infra*, no scheduling order will issue. Plaintiff's motion is DENIED.

On January 24, 2012, Plaintiff filed another Motion for Miscellaneous Relief (ECF No. 21) that sought to make various additions and corrections to the motion filed on January 23, 2012. Because the previous motion has been denied, the instant motion is also DENIED.

On January 27, 2012, Plaintiff filed a Motion for Removal of Response Times. (ECF No. 22.) Because the case will be dismissed for the reasons stated *infra*, Plaintiff will not be required to respond to any motions. This motion is DENIED.

On January 30, 2012, Plaintiff filed a Motion for Miscellaneous Relief (ECF No. 24) and a Motion for Correction of that motion (ECF No. 25). These motions are not properly construed as amendments to the complaint because Plaintiff has not submitted a document containing her amended claims. It is administratively impractical to ask the Court and opposing parties to make

---

[12]     On January 27, 2012, the Clerk's docketed Plaintiff's Notice of Settlement Offer. (ECF No. 23.) On February 1, 2012, the Clerk docketed Plaintiff's Notice of Current Settlement Offers Presented to Plaintiff. (ECF No. 26.) The substance of the February 1, 2012 filing has nothing to do with the instant case.

interlinear corrections on the submitted pleadings. Nothing contained in these documents alters the conclusion, stated *infra*, that the case should be dismissed. These motions are DENIED.

On February 2, 2012, Plaintiff filed a Motion for Documentation Regarding Complaint Filed November 3, 2011, Violation of Federal Healthcare Laws and Regulations to be Admitted as Evidence. (ECF No. 27.) Attached to the motion are excerpts from Plaintiff's medical records. A motion to receive documents into evidence is appropriate only during a hearing or trial. The matters addressed in Plaintiff's motion are properly presented through a motion seeking leave to amend. The motion for documentation to be admitted as evidence is DENIED.

On February 17, 2012, Plaintiff filed a Motion for Expedited Hearing/Special Setting. (ECF No. 28.) Because the case will be dismissed *sua sponte* for the reasons stated *infra*, no hearing will be required. The motion is DENIED.

The original Complaint alleges that, in 2010, the VAMC discharged Plaintiff from its alcohol and drug program because she refused to take psychotropic medications. Plaintiff allegedly complied with all other requirements of the program. She met with the Executive Director in hopes of being able to continue her treatment, but was not successful. (ECF No. 1 at 1.)

Plaintiff also "did not receive ample assistance from the Social Worker for homeless veterans." (*Id.*) Plaintiff was "put out on the street from the AD&D program." (*Id.*) Plaintiff was also denied dental care. (*Id.*)

On October 28, 2011, Plaintiff participated in the Compensated Work Therapy ("CWT") Program. On November 2, 2011, Nick, a Hospital Inspector, "made it clear that plaintiff should be working with an experienced employee and only performing the lower level tasks." (*Id.*) Since November 11, 2011, Plaintiff has been assigned to work independently, putting her life and the lives of patients at risk. (*Id.*) Plaintiff was also denied unspecified travel pay. (*Id.*)

Plaintiff seeks money damages in the amount of $55 million. (*Id.*)

In the amendment filed on January 3, 2012, Plaintiff alleges that, on December 15, 2011, she learned from a more experienced employee not to put her hands in trash cans because of the risk of contact with contaminated needles. Plaintiff says that she did not previously know this and, "[a]s of this date, I have not had one full day to observe or be trained by a housekeeping employee." (ECF No. 12 at 1.)

Plaintiff further alleges that she met with a psychologist named Dr. Clarissa Camp on December 20, 2011. Dr. Camp agreed to recommend that Plaintiff's CWT be extended because she has had difficulty finding employment. (*Id.*) On December 29, 2011, a CWT Counselor told Plaintiff that Dr. Camp's recommendation "meant nothing because of a decision made by someone higher up." (*Id.* at 2.)

Plaintiff seeks money damages in the amount of $41,411,411.41. (*Id.*)

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. <u>Hill v. Lappin</u>, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679, 129 S. Ct. at 1950; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than

9

a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."); Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) ("[T]he plaintiff must provide the grounds for its entitlement to relief, and that requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.") (internal quotation marks omitted). "A plaintiff falls short if [he] pleads facts merely consistent with a defendant's liability or if the alleged facts do not permit the court to infer more than the mere possibility of misconduct." Albrecht, 617 F.3d at 893 (internal quotation marks omitted).

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for

> frivolousness. <u>Neitzke</u>, 490 U.S. at 327-28, 109 S. Ct.
> 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); *see also* <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); <u>Payne v. Secretary of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); <u>cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising

litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461, 181 L. Ed. 2d 300 (2011).

Plaintiff's complaint, as amended, does not comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure, which requires that "[a] pleading that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff's complaint contains no jurisdictional allegations. The Complaint refers to "Federal Healthcare Laws and Regulations" (ECF No. 1 at 1; ECF No. 12 at 1), but the laws at issue are not identified. For that reason alone, Plaintiff's Complaint, as amended, fails to state a claim on which relief may be granted.

The Court has construed Plaintiff's Complaint as arising, in part, under the FTCA, which provides a cause of action for medical malpractice at the VAMC. "'[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)) (emphasis added). In this case, the relevant jurisdictional provision is 28 U.S.C. § 1346(b)(1), which provides that,

> [s]ubject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his

12

office or employment, under circumstances where the
United States, if a private person, would be liable to
the claimant in accordance with the law of the place
where the act or omission occurred.

Chapter 171 of Title 28 is entitled "Tort Claims Procedure," and it

includes an exhaustion requirement. 28 U.S.C. § 2675(a).

The Sixth Circuit has held that federal courts have

subject-matter jurisdiction over FTCA claims only if the plaintiff

has satisfied the exhaustion requirement:

To bring a tort action against the government, the
plaintiff must first establish that the government has
waived sovereign immunity. *See* Lundstrum v. Lyng, 954
F.2d 1142, 1145 (6th Cir. 1991) (*per curiam*) (citations
omitted). The government has waived its sovereign
immunity to suits for tort actions under the FTCA, but
only insofar as the plaintiff has exhausted his
administrative remedies. 28 U.S.C. § 2675(a); Lundstrum,
954 F.2d at 1145 ("A prerequisite to suit under the FTCA,
. . . is the exhaustion by the plaintiff of
administrative remedies.").

Blakely v. United States, 276 F.3d 853, 864 (6th Cir. 2002); *see*

*also* Joelson v. United States, 86 F.3d 1413, 1422 (6th Cir. 1996)

("Because Joelson does not allege that he has filed an

administrative claim, he has not satisfied the jurisdictional

prerequisite to obtaining review under the Federal Tort Claims

Act."); Goosby v. United States, 545 F. Supp. 2d 725, 733-34 (W.D.

Tenn. 2008); Peng v. Chertoff, No. 2:07-cv-091, 2007 WL 2029062, at

*3 (S.D. Ohio July 10, 1007).[13] These holdings are consistent with

_____

[13]     Other Circuit Courts of Appeals have reached the same conclusion.
See, e.g., Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir.
2008); Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1018-19 (9th Cir.
2007); Acosta v. U.S. Marshals Serv., 445 F.3d 509, 513 (1st Cir. 2006) (the FTCA
exhaustion requirement "has been viewed as 'a non-waivable jurisdictional
requirement' limiting the suit to claims fairly made to the agency"); Simpkins
v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) ("This court
                                                             (continued...)

28 U.S.C. § 1346(b)(1), which appears to make compliance with the tort claims procedures a requirement for the exercise of subject-matter jurisdiction.

---

[13]     (...continued)
and the other courts of appeals have treated the FTCA's requirement of filing an administrative compliant with the appropriate agency prior to instituting an action as jurisdictional.").

14

The procedure for exhausting an FTCA claim is as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon presenting allegations and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675.

Plaintiff's Complaint does not allege that she exhausted a claim under the FTCA and, therefore, the Court lacks subject-matter jurisdiction over any FTCA claim.

Any FTCA claim asserted by Plaintiff must also be dismissed because she has failed to file the certificate of good faith required by Tennessee Code Annotated § 29-26-122. Under the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. Under 28 U.S.C. § 1346(b)(1), the federal courts have jurisdiction over

claims for damages against the United States for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Plaintiff's Complaint asserts claims for medical malpractice that are governed by Tennessee substantive law. Tennessee has codified a cause of action for medical malpractice, adding elements and procedural requirements that differ from a common law cause of action for negligence. *See* Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. §§ 29-26-115 through -122 (2010).[14]

---

[14]    Effective April 23, 2012, the TMMA was amended to substitute the words "health care liability" for "malpractice" throughout the statute. 2012 Tenn. Pub. Acts, ch. 798, §§ 1-59. The Court has cited to the version of the TMMA in effect when Plaintiff filed her suit.

"The TMMA applies to alleged misconduct that involves a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons." Brister v. HCA Health Servs., No. M2010-01996-COA-R3-CV, 2011 WL 2395218 (Tenn. Ct. App. June 8, 2011).

> Tennessee has adopted the following standard for distinguishing between an ordinary negligence claim and one based upon medical malpractice:
>
> > [W]hen a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply.

Id. at *3 (quoting Estate of French v. Stratford House, 333 S.W.3d 546, 555 (Tenn. 2011)).

Under Tennessee law, the claimant has the burden of proving, by a preponderance of the evidence:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Id. § 29-26-115(a).

In 2008, Tennessee amended its medical malpractice act to include the requirement that plaintiffs provide a certificate of good faith. The version of the statute in effect when Plaintiff commenced this action took effect in 2009. It provides that,

> [i]n any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
>
> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>
> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue,

that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

    (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

    (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiffs [sic] counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

*Id.* § 29-26-122(a). Pursuant to § 29-26-122(c),

[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . . The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

The current version of the statute took effect on July 1, 2009, and applied "only to those actions in which the required notice is given on or after July 1, 2009." 2009 Tenn. Pub. Acts, ch. 425, §

4.[15] In a case arising under the FTCA, the required notice may be given by filing an administrative claim with the Department of Veterans Affairs. *See* Williams v. United States, No. 09-2618-SHM-tmp, 2010 WL 1957238, at *4 (W.D. Tenn. May 12, 2010). In this case, the events at issue occurred no earlier than 2010 and, therefore, the current version of § 29-26-122(a) is applicable.

In Williams v. United States, 754 F. Supp. 2d 942 (W.D. Tenn. 2010), the Court held that the certificate of good cause requirement applies to claims under the FTCA. The FTCA requires the application of state substantive law but not state procedural law. *Id.* at 948-49. In a thorough and persuasive analysis, the Williams Court explained why Tennessee's malpractice certification statute is substantive rather than procedural. *See id.* at 949-52. The Sixth Circuit Court of Appeals has affirmed a decision from this district dismissing an FTCA claim for failure to comply with § 29-26-122(a). Daniels v. United States, No. 11-5009, slip op. at 3 (6th Cir. Oct. 7, 2011). Several other district courts have dismissed claims under the FTCA because the plaintiff failed to file the certificate of

---

[15]     The 2008 amendments to the Tennessee malpractice act also required that a claimant give written notice to a provider at least 60 days before commencing suit. Tenn. Code Ann. § 29-26-121(a)(1) (2010). Thus, the current version of § 29-26-116(a) applies "in actions where the parties gave the written notice required by § 29-26-121(a)(1) *after* July 1, 2009." Williams v. United States, No. 09-2618-SHM-tmp, 2010 WL 1957238, at *3 (W.D. Tenn. May 12, 2010).

good faith required by the TMMA.[16] Most courts in other jurisdictions have reached the same conclusion.[17]

Because Plaintiff failed to file a certificate of good faith with her complaint, and because she has not shown good cause for her failure, any claim under the FTCA must be dismissed with prejudice.

---

[16] Order at 16-23, Craigmyle v. United States, No. 11-2408-JPM-dkv (W.D. Tenn. Mar. 21, 2012), ECF No. 44; Priest v. United States, No. 3:11-cv-00557, 2011 WL 5023277, at *4-5 (M.D. Tenn. Oct. 20, 2011) (dismissing claims under TMMA even though patient did not have his complete medical records because he failed to consult with an expert before filing suit); Love v. United States, No. 10-1022-JDB-egb (W.D. Tenn. Sept. 28, 2011) (ECF No. 50), appeal filed, No. 11-6313 (6th Cir.); Mayo v. United States, No. 3-10-0997, 2011 WL 1748595, at *3-4 (M.D. Tenn. May 6, 2011) (assuming that TMMA requirements apply without addressing whether those requirements are substantive or procedural); Pacenza v. United States, Cause No. 2:10CV-139-SA-DAS, 2011 WL 1059149 (N.D. Miss. Mar. 23, 2011) (applying TMMA).

In a case that did not arise under the FTCA, one district court in this circuit declined to dismiss a complaint for failure to submit a certificate of good faith because the patient's doctor did not provide a full set of medical records. Truth v. Eskioglu, 781 F. Supp. 2d 630 (M.D. Tenn. 2011). In so holding, the court explained that

> Weathers' affidavit sufficient shows that the failure to submit a certificate of good faith was due to the defendant's failure to provide the plaintiff with a copy of her complete medical records. . . . Weathers' affidavit clearly states that, had the defendant produced a copy of the plaintiff's medical file, Dr. McCord would have provided the plaintiff with a written report stating that she has a good-faith basis for her malpractice action. This is confirmed by the letter form Dr. McCord attached to the First Amended Complaint. Thus, the plaintiff was excused from complying with the certificate requirement.

Id. at 634-35 (footnotes and record citations omitted). The instant case is distinguishable from Truth because it does not appear that Plaintiff consulted with a qualified expert before filing suit.

[17] See, e.g., O'Neil v. Anderson, 372 F. App'x 400, 402 & n.1 (4th Cir. 2010); Hodge v. United States Dep't of Justice, 372 F. App'x 264, 267 (3d Cir. 2010); Johnson v. Lappin, Civil Action No. 1:07-0944, 2011 WL 560459, at *9 (S.D. W. Va. Jan. 6, 2011) (report and recommendation), adopted, 2011 WL 535924 (S.D. W. Va. Feb. 8, 2011); Bauer v. United States, Civil No. 3:-09-CV-2279, 2010 WL 4942224, at *2 (M.D. Pa. Nov. 30, 2010); Bierbauer v. Manenti, No. 4:09CV2142, 2010 WL 4008835, at *10 (N.D. Ohio Oct. 12, 2010) (holding certificate of merit requirement under Ohio law to be substantive).

Therefore, the Court DISMISSES any FTCA claims for want of subject-matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, and for failure to file the certificate of good faith required by the TMMA. Any other claims that may be asserted are DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to

proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and for want of subject-matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.[18]

IT IS SO ORDERED this 6th day of July, 2012.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[18] If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.